UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WALTER JOSEPH MEGNA,

    Plaintiff,

v.                                 Case No. 24-CV-1577

DR. JEREMY ANCLAM,

    Defendants.

---

### ORDER

---

Plaintiff Walter Joseph Megna, who is currently confined at Kettle Moraine Correctional Institution and is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendant, Dr. Jeremy Anclam, violated his civil rights. (ECF No. 1.) He also filed a motion to proceed without prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Megna was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 13, 2024, the court ordered Megna to pay an initial partial filing fee of $25.90 by January 13, 2025. Megna paid the fee on January 6, 2025. Accordingly, the court grants his motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order

## SCREENING THE COMPLAINT

*Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Megna's Allegations*

Megna alleges that on January 10, 2023, he was taken into custody at the Manitowoc County Jail. (ECF No. 1 at 2.) At some point, jail staff stated that they believed Megna had something in his anal cavity. (*Id.*) As such, Megna was taken to Froedtert Holy Family Memorial Hospital. (*Id.*) ER staff told Jail staff that they would not remove the item from Megna without a search warrant. (*Id.*)

The next day, while Megna was still at the hospital, he was woken up by being held down by unidentified nurses while defendant Dr. Anclam was attempting to forcibly remove the item inside Megna. (ECF No. 1 at 3.) Megna repeatedly told Dr. Anclam he did not want the item removed, but Dr. Anclam, without Megna's consent, retrieved the item roughly, causing injury to Megna. (*Id.*) Dr. Anclam's actions also caused Megna to overdose (presumably because the item inside him was an intoxicant

3

and it ruptured). (*Id.*) Megna alleges that Dr. Anclam was operating under the color of state law because he was working with the police. (*Id.*)

*Analysis*

Megna alleges that Dr. Anclam violated his constitutional rights when he forcibly removed the item from his rectum, causing injury and overdose. Megna was a pretrial detainee at the time. To state a claim under the Fourteenth Amendment's due process clause, a plaintiff must allege that (1) "he suffered from an objectively serious medical condition" and (2) "the staff's response to it was objectively unreasonable." *Williams v. Ortiz*, 937 F.3d 936, 942-943 (7th Cir. 2019). To assess objective unreasonableness, the "standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief— whether the response was reasonable." *McCann. Ogle Cty. Ill.,* 909 F.3d 881, 866 (7th Cir. 2018). At this stage, Megna states a claim against Dr. Anclam. However, going forward, he will likely have to demonstrate that Dr. Anclam was in fact operating under the color of state law.

## CONCLUSION

**IT IS THEREFORE ORDERED** that that Megna's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

4

**IT IS FURTHER ORDERED** that the agency having custody of Megna shall collect from his institution trust account the $324.10 balance of the filing fee by collecting monthly payments from Megna's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Megna is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1) and this order upon defendant Dr. Jeremy Anclam pursuant to Federal Rule of Civil Procedure 4. Megna is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Megna information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Court
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Megna is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Megna is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Megna's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Megna may find useful in prosecuting his case

Dated in Milwaukee, Wisconsin this 31st day of January, 2025.

*Stephen C. Dries*
STEPHEN DRIES
United States Magistrate Judge